

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2006

# Coleman v. Textron Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2332

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Coleman v. Textron Inc" (2006). *2006 Decisions.* Paper 1042.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1042

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-2332

_____

RICKY COLEMAN; MARY B. BRAGGS;
STANLEY E. BATES

v.

TEXTRON, INC.; TEXTRON, INC. 1,
a/k/a/ d/b/a TEXTRON LYCOMING;
TEXTRON LYCOMING; AVCO CORPORATION

Ricky Coleman; Stanley E. Bates
Appellants

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 02-cv-08881)
District Judge:  Hon. Clifford Scott Green

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2006

BEFORE:  McKEE and STAPLETON, <u>Circuit Judges</u>,
and McCLURE,* <u>District Judge</u>

(Opinion Filed:  May 25, 2006)

_____

_____

* Hon. James F. McClure, Jr., United States District Judge for the Middle District of
Pennsylvania, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

This is a race discrimination case.  Appellants Ricky Coleman and Stanley Bates appeal from summary judgments entered by the District Court on two of their claims:  (1) that they were discriminated against in the negotiation and implementation of a settlement agreement between their employers and the National Labor Relations Board which resolved a dispute regarding outsourcing; and (2) that they were victims of a hostile work environment.  We will affirm.

I.

Appellants insist that the District Court committed reversible error by allowing appellees to rely in support of their motion for summary judgment on appellants' first claim upon an affidavit of their deceased Vice President of Human Resources submitted to the NLRB in 1997.  In appellants' view this affidavit was not admissible in evidence.  We need not resolve that issue, however, because appellees submitted ample admissible evidence, independent of the challenged affidavit, to satisfy their burden under *McDonnell-Douglas* of coming forward with "a legitimate, non-discriminatory reason for its settlement practices."  Op. at 13.   Appellees having come forward with sufficient evidence to support a finding that such "a legitimate, non-discriminatory reason" existed,

2

the burden shifted to appellants to show that appellees' proffered reason was pretextual. The District Court in this case granted summary judgment because "Plaintiffs [had] offered no evidence that Defendants' proffered reason for Plaintiffs' treatment was pretextual." App. at 13. We Agree.

## II.

In order to be successful with a hostile work environment claim against an employer, a plaintiff must prove five things:

> (1) the employee suffered intentional discrimination . . . ; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person . . . in that position; and (5) respondeat superior liability existed.

*Knabe v. Boury Corp.*, 114 F.3d 407, 410 (3d Cir. 1997). Here, the District Court granted summary judgment because appellants had failed to "satisfy the 5th prong of the hostile work environment test – the existence of respondeat superior." App. at 9. It accepted appellants' description of their work conditions as true, but correctly found that they had tendered no evidence tending to show "that the employer had knowledge of the discrimination." *Id.* In their briefing before us, appellants have identified no such evidence, and we have found none.

## III.

The judgment of the District Court will be affirmed.

3